# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Zenith Insurance Co. *for and on behalf of Pacific Shore Stones East, Inc.*, | Civil Action No.: 3:18-cv-01622-JMC |
| Plaintiff, | |
| | **ORDER AND OPINION** |
| AND | |
| Joseph Mays, | |
| Intervenor Plaintiff, | |
| v. | |
| Distinctive Surfaces, LLC, | |
| Defendant. | |

This matter is before the court on Plaintiff Zenith Insurance Co.'s ("Zenith") Motion to Reconsider/Motion to Dismiss[1] (ECF No. 41) the court's Order entered on September 19, 2019 ("September Order") (ECF No. 36), granting Plaintiff-Intervenor Joseph Mays' ("Mays") Motion to Intervene (ECF No. 21). For reasons set forth herein, the court **DENIES** Zenith's Motion to Reconsider the September Order, and **DISMISSES** all claims for lack of federal subject matter jurisdiction.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

This issue arises from events that occurred on March 1, 2017, when Mays claims he was delivering granite slabs to Defendant Distinctive Surfaces, LLC in the course of his employment. (ECF No. 21-1 at 2 ¶ 8-3 ¶ 10.) Defendant's employees are alleged to have negligently dropped a

---

[1] In the alternative, Zenith submits its Motion to Reconsider as a Motion to Dismiss Mays' claims. (ECF No. 41.)

slab of granite directly onto Mays while in the process of off-loading granite from Mays' truck, causing him severe and permanent injuries. (ECF No. 15 at 2 ¶ 11-3 ¶15.) Mays alleges that he began collecting workers' compensation payments from his employer, Pacific Shore Stones East, Inc. (ECF No. 21 at 3.) On June 13, 2018, Zenith brought an action against Defendant as Pacific's workers' compensation insurance provider pursuant to S.C. Code Ann. § 42-1-560 (West 2020)[2] (ECF No. 1). Zenith amended its Complaint on October 26, 2018, to clarify that it has complied with the notice provisions of § 42-1-560 and to request all damages assigned to Zenith pursuant to the statute. (ECF No. 15 at 3 ¶ 19, 5 ¶ 33.)

On December 7, 2018, Mays filed a Motion to Intervene, contending that Zenith failed to represent his interests in the suit:

> In filing suit, Zenith failed to name Joseph Mays as a Plaintiff in Complaint, failed to adequately delineate the negligence of the Defendant and the extent of Mr. Mays' injuries and damages; failed to consult with Joseph Mays or his counsel regarding the specifics of Mr. Mays' injuries and damages and/or about the content of the Complaint; and failed to make a prayer for relief and damages for the individual injuries and damages of Joseph Mays.

(ECF No. 21 at 4.) In addition, Mays asserts that "Zenith assumed control of the case via statutory assignment and elected to file suit for its own financial damages, but made no effort whatsoever to protect the rights of Joseph Mays to recover for his injuries and damages." (*Id.* at 4–5.) Mays claimed, as an indispensable party to the controversy, he had a right to intervene in order to protect his interest which was ignored by Zenith. (*Id.* at 5.)

In granting Mays' Motion to Intervene, the court noted in its September Order:

> (1) [T]he instant Motion is timely having been filed before the ultimate resolution of the matter and only six months after Plaintiff initiated the action; (2) the current

---

[2] Section 42-1-560 grants an insurance provider ("carrier") a right to bring an action against a liable third party to recover workers' compensation benefits as paid to the injured employee. *See* S.C. Code Ann. § 42-1-560 (b)–(c) (West 2020).

>record fails to support Plaintiff's argument that Mays forfeited his right to bring his claim against Defendant because there is no indication as required by § 560 of either (a) when Plaintiff accepted liability under § 560(b) or (b) if proper notice was given under § 560(c); and (3) Mays is persuasive in demonstrating that he will be impaired by the denial of his Motion (see ECF No. 27 at 46), that neither Plaintiff nor Defendant is in a position to protect Mays' interest, and that his intervention in this matter should not "delay or prejudice [] the adjudication of the right of the existing parties."  (ECF No. 21 at 13.)

(ECF No. 36.)  As a result, Zenith filed the instant Motion to Reconsider on October 9, 2019 (ECF No. 41).

## II.    LEGAL STANDARD

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994).  It is the moving party's burden to establish one of these three grounds in order to obtain relief.  *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).  The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court.  *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).  A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind."  *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

3

### III.     ANALYSIS

1) <u>Motion to Reconsider</u>

   a) *Service of process under S.C. Code Ann. § 42-1-560*

In its September Order, the court found that Zenith failed to provide sufficient service of process to Mays in order to assume the claim via § 42-1-560.[3] (ECF No. 36.) Specifically, Zenith provided notice to Mays' counsel but failed to provide notice to Mays himself. (*See* ECF No. 41-3.) In addition, the notice provided to Mays' Counsel erroneously referred to Brandy Thomas as the injured party, an individual who is not involved in the matter. (*Id.*) The September Order states, "[T]he current record fails to support Plaintiff's argument that Mays forfeited his right to bring his claim against Defendant because there is no indication as required by § 560 of either (a) when Plaintiff accepted liability under § 560(b) or (b) if proper notice was given under § 560(c)[.]" (ECF No. 36.)

Zenith argues service of process is sufficient to assume the claim via § 42-1-560. (ECF No. 41 at 4.) "Mays' injury took place on March 1, 2017, Zenith immediately accepted liability for the claim [by] making its first payment to Mays on March 6, 2017[,] and sent an initial notice of its subrogation rights on March 16, 2017." (*Id.* at 6.) Moreover, "counsel for Mr. Mays

---

[3] Section 42-1-560(c) outlines the requirement for service of process to be performed by carriers:

> If, prior to the expiration of the one-year period referred to in subsection (b) . . . the person entitled to sue therefor[e] shall not have commenced action against or settled with the third party, the right of the action . . . shall pass by assignment to the carrier; provided, that the assignment shall not occur less than twenty days after the carrier *has notified the injured employee*, or in the event of his death, his personal representative . . . in writing, by personal service or by registered or certified mail . . . .

§ 42-1-560(c) (emphasis added). Zenith sent notice of its intention to submit a claim to Mays' attorney on March 12, 2018, but failed to provide notice to Mays himself. (ECF No. 41-3.)

4

responded by letter to Zenith stating that he would not be filing suit." (*Id.* at 7.) Zenith believes the court was mistaken in finding defective service of process because both parties recognize a statutory assignment has occurred and this issue was not raised by the parties. (*Id.* at 5.)

While Zenith disagrees with the court's finding, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Additionally, by claiming the court committed error in deciding an issue not raised by the parties, Zenith has ultimately provided a new argument in its Motion to Reconsider. It is well established that a motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Also, a motion to reconsider should not be used to revisit an argument by which a party received an unfavorable decision. *See South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017) (" . . . [A] motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome."). Thus, the court does not find error in determining that Zenith failed to comply with the procedural requirements of S.C. Code Ann. § 42-1-560.

b) *Intervention under Fed. R. Civ. P. Rule 24(a)*

The September Order states, " . . . Mays is persuasive in demonstrating that he will be impaired by the denial of his Motion (*see* ECF No. 27 at 4–6), [and] that neither Plaintiff nor Defendant is in a position to protect Mays' interest[.]" (ECF No. 36 (citing ECF No. 21 at 13).) In its Motion to Reconsider, Zenith argues that Mays does not have a valid interest under Rule 24 because Zenith retains the sole right of action under § 42-1-560. (ECF No. 41 at 8–9.) Zenith also claims that in its September Order the court failed to analyze Mays' interest in intervening in

5

Zenith's lawsuit against Defendant. (ECF No. 41 at 8–9.) However, the court reaffirms its position that Mays has a valid interest to intervene under Rule 24.

Mays' interests would have been impaired if he could not intervene because Zenith has yet to bring a claim for the actual damages which Mays claims to have suffered. Instead, Zenith has claimed as damages the amount that it paid to Mays in workers' compensation benefits. (ECF No. 15 at 5 ¶ 33.) This amount is not the same as Mays' actual damages because his treatment is ongoing and may potentially surpass the amount of Zenith's lien. Specifically, "Mr. Mays [asserts that he] has only received a portion of his lost income[,] [thus] [h]e would be entitled to full reimbursement for lost wages, as well as loss of earning capacity in a claim against the Defendant[,] [and] [Zenith] has not made any prayer for such damages on behalf of Mr. Mays[.]" (ECF No. 21 at 10.) Moreover, Mays is a key individual in adjudicating Zenith's claim because his personal injury is the crux of the suit. Defendant Distinctive Surfaces has also acknowledged this point: "[Zenith's] Complaint fails to name necessary and indispensable parties in whose absence complete relief cannot be accorded[.]" (ECF No. 17 at 4 ¶ 26.)

While Defendant clearly cannot represent Mays because Mays' interests are contrary to those of Defendant, Plaintiff's interests have also proven to be divergent. Zenith's explicit intention is to recover its workers' compensation benefits paid to Mays up to this point, while Mays is seeking full relief which may result in a reduction of Zenith's lien on those benefits in the event of a settlement.[4] Upon review of Zenith's correspondence to Mays' Counsel on September

---

[4] Section (f) of the statute defines the mandatory reduction of a carrier's lien:

> [W]here an employee or his representative enters into a settlement with or obtains a judgment upon trial from a third party in an amount less than the amount of the employee's estimated total damages, the [Workers' Compensation] [C]ommission may reduce the amount of the carrier's lien on the proceeds of such settlement in

6

4, 2018, it appears that Zenith offered to return the claim to Mays on the condition that Zenith receive "a dollar for dollar re-payment of its lien, with no reduction for any reason, including attorney fees," as well as "a clincher of the claim with no additional money paid by Zenith." (ECF No. 42-1.) Thus, the court finds no error in determining that Mays has a significant interest in the suit which is not adequately represented by the parties involved.

c) *The Statutory Scheme of S.C. Code Ann. § 42-1-560*

Zenith's final contention labels Mays' intervention as an error of law because it allegedly circumvents the South Carolina General Assembly's intended statutory scheme of S.C. Code Ann. § 42-1-560. (ECF No. 41 at 10.) According to Zenith, the South Carolina General Assembly has already determined the equities between a carrier and a claimant, and "[t]he object of § 42-1-560 is to effect an equitable adjustment of the rights of *all* the parties." (*Id.* at 10 (quoting *Fisher v. S.C. Dep't of Mental Retardation-Coastal Ctr.*, 291 S.E.2d 200, 201 (S.C. 1982)) (emphasis added).)

In this regard, intervention was permitted by the court in order to allow Mays the opportunity to exercise his right to recover potential damages. While the court concedes "[t]he statutory balance includes a notice period so there will be no surprise when the carrier exercises its right to secure the assignment," (ECF No. 41 at 10), Zenith has not executed this role in the spirit of the act. "Notice makes it possible for the employer-carrier to *offer the employee meaningful assistance* in prosecuting the third party claim." *Kimmer v. Murata of Am., Inc.*, 640 S.E.2d 507, 513 (S.C. Ct. App. 2006) (quoting *Hudson v. Townsend Saw Chain Co.*, 370 S.E.2d

---

the proportion that such settlement or judgment bears to the commission's evaluation of the employee's total cognizable damages at law.

S.C. Code Ann. § 42-1-560(f) (West 2020).

7

104, 107 (S.C. Ct. App. 1988)) (emphasis added). Zenith has hardly attempted to assist Mays in prosecuting his claim because it has actively sought to exclude him from the suit altogether. A plain interpretation of the statute would suggest this was not the intention of the South Carolina General Assembly in drafting S.C. Code Ann. § 42-1-560. While the statute grants to insurance carriers a right to bring claims to recover benefits disbursed, this right is not separate and exclusive from the employee's right to recover potential damages. *Hudson*, 370 S.E.2d at 107 ("A provision . . . such as Section 42-1-560(c), that provides for an assignment to the carrier of the injured employee's right of action are intended for the protection of the employee, the employer, and the carrier."). Because Mays' intervention was necessary to allow him to exercise his rights to recover potential damages, the court did not commit error in granting his Motion to Intervene.

   d) Federal Subject Matter Jurisdiction

The court erred in finding that it retained subject matter jurisdiction after granting Mays' intervention. A fundamental principle of our federal institution is that "[f]ederal courts are courts of limited jurisdiction[,]" and "they possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 1999). While Congress grants jurisdiction under diversity to the district courts when the amount in controversy exceeds $75,000.00 and the controversy is between citizens of different states, 28 U.S.C. § 1332(a)(1), the court's supplemental jurisdiction under diversity is limited when a party moves to intervene under Rule 24. Congress outlines this limitation:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or over

8

> claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24* of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (emphasis added).  Generally, when jurisdiction exists at the time an action is commenced, it may not be destroyed by subsequent events.  *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991).  However, there are exceptions.  Introducing a non-diverse party by a post-filing action can require dismissal of a suit.  *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 250 (4th Cir. 2000) (finding suit must be dismissed after concluding that joinder of a necessary and indispensable party destroyed diversity jurisdiction). "Courts are loath to dismiss cases based on nonjoinder of a party, and thus dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999).

In the instant case, Mays is clearly a necessary party because his personal injury is the crux of the suit.  The question is whether Mays' intervention as an indispensable and non-diverse party would merit dismissal of the case altogether.[5]  When determining whether a party is indispensable, the court conducts an analysis under Rule 19(b) of the Federal Rules of Civil Procedure.  *See Dixie Brewing Co., Inc. v. U.S. Dept. of Veterans Affairs*, 952 F. Supp. 2d 809, 817 (E.D. La. 2013) (concluding that Rule 19(b) analysis was necessary to determine that an intervening party under Rule 24 was indispensable and the case must be dismissed).  The factors considered are (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping

---

[5] Rule 19(b) states: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

9

of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b)(1)–(4). In this multi-factor test, "a decision whether to dismiss must be made pragmatically, in the context of the substance of each case, rather than by procedural formula." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999) (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 119 (1968)). All four factors indicate that Mays is an indispensable party and the suit must be dismissed.

(i) Prejudice to Intervenor or existing parties

As previously discussed, the court notes that adjudication of the suit in Mays' absence will preclude him from potentially recovering damages arising from the alleged personal injury. Zenith has an interest in avoiding reduction of its workers' compensation lien in the event of a settlement and has demonstrated an unwillingness to bring Mays' claims of pain and suffering, emotional distress, and medical costs. Moreover, no evidence suggests that allowing Mays to intervene will impede Zenith's ability to bring its own claims. Thus, this factor weighs in favor of finding Mays indispensable.

(ii) Reducing or avoiding prejudice

In the interest of reducing or avoiding prejudice, no alternative remedies have been proposed to the court and none appear to be available. Moreover, no other relief can be afforded to Mays if he is barred from bringing forth his claims alongside Zenith's claims. The court finds this factor weighs in favor of indispensability.

(iii) Adequacy of judgment in Intervenor's absence

The third factor asks whether a judgment in Mays' absence will be adequate. This factor

involves "the interest of the court and the public in complete, consistent, and efficient settlement of controversies." *Provident Bank*, 390 U.S. at 111; *see also Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) ("[A]dequacy refers to the public stake in settling disputes by wholes, whenever possible.") (quotations omitted). The court finds adjudicating Zenith's suit without Mays would not further the public interest in settling controversies in their entirety because each of their claims arise from the same predicate events. This factor weighs heavily in favor of finding Mays indispensable.

                (iv)  Adequate remedy upon dismissal

The final question is whether a proper remedy is available if the court dismisses the suit. The court sees no reason, and the parties provide none, why South Carolina state courts cannot provide an adequate remedy to each of their claims. In fact, state court would be the more appropriate venue because (1) the events involve a South Carolina defendant and a South Carolina employee; (2) state courts are better equipped to adjudicate state law tort claims; and (3) state courts are better suited to interpret S.C. Code Ann. § 42-1-560. State court, while not strategically preferred by Zenith, would be an adequate venue to provide the relief it seeks. Because each party will have an adequate remedy in the case of dismissal, this element weighs in favor of finding Mays indispensable to the suit.

In the case at hand, common sense and the law indicate Mays, as a nondiverse intervenor as of right under Rule 24(a), is a necessary and indispensable party to the adjudication of this suit. Because Mays' intervention has destroyed diversity, this court no longer has subject matter jurisdiction and the case must be dismissed. *See In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed. If it was removed from

11

state court, it must be remanded." (citing *Bradgate Assocs. v. Fellows, Read & Assocs.*, 999 F.2d 745, 750–51 (3d Cir.1993) (holding that remand to state court was unavailable for a case originally brought in federal court, thus dismissal of the case was necessary))).

2) <u>Motion to Dismiss Intervenor-Plaintiff's Claims</u>

For reasons discussed herein, the court concludes that Mays' intervention has destroyed diversity and removed this court's federal subject matter jurisdiction. Thus, the court is unable to rule on the merits of the Motion to Dismiss which Zenith has submitted in the alternative. *See Wages v. Internal Revenue Service, et al.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("[A] judge ordering a dismissal based upon lack of subject matter jurisdiction retains no power to make judgments relating to the merits of a case.") (quotations and citations omitted); *see also United States v. Bechtel Corp.*, 648 F.2d 660, 663 (9th Cir. 1981) ("A judgment dismissing an action for failure to state a claim is a judgment on the merits.").

## IV.  CONCLUSION

Upon careful consideration of Plaintiff's arguments and for reasons set forth above, the court hereby **DENIES** Plaintiff's Motion to Reconsider (ECF No. 41) the September Order granting Intervenor-Plaintiff's Motion to Intervene (ECF No. 21), and **DISMISSES** all claims for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED**

*/s/ J. Michelle Childs*

United States District Judge

July 31, 2020
Columbia, South Carolina